IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES L. LEVENTRY and DEBORAH A. LEVENTRY, et al.,<br><br>             Plaintiffs,<br><br>   -vs-<br><br>MATT WATTS, et al.,<br><br>             Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 06-193<br>)<br>)<br>)<br>) |

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

### SYNOPSIS

A husband and wife bring suit against a variety of municipalities, police officers and other individuals alleging a deprivation of constitutional rights in connection with the arrest of the husband and the subsequent denial of bail and confiscation of bail money. One municipality has challenged the sufficiency of the claims asserted under 42 U.S.C. § 1983. Because the Complaint is devoid of any allegations that the deprivation of constitutional rights occurred as a result of a custom, practice or policy employed by that municipality, the Motion to Dismiss is granted.

### OPINION

On or about September 4, 2004, Plaintiff James L. Leventry ("Leventry") was

1

stopped by Defendant Officer Matt Watts of the West Hills Regional Police Department. Leventry was charged with possession of and with possession with intent to distribute marijuana, Oxy-Contin, and methadone. He was arraigned and bail was set in the amount of $100,000.00 or 10% cash. At some point the following day, Leventry's wife, Plaintiff Deborah A. Leventry, arrived with the $10,000.00 in cash to post bail. A police drug dog subsequently alerted with respect to the cash and the bail money was confiscated on the basis that the cash contained drug residue.

Leventry and his wife contend that the Defendants lied about a number of things associated with Leventry's arrest, his incarceration and the confiscation of his bail money. Proceeding *pro se*, they have filed a Complaint which names as Defendants: "Matt Watts, West Hills Regional Police Dept., George Musulin, West Hills Regional Police Dept., Det. Don Gerred, Former Assistant District Atty. of Cambria County David Tulowitzki, Former Chief District Attorney, Cambria County Chief Andrew Havas, West Hills Regional Police Department, Municipal Auth. Southmont Borough Police Department a Municipal Authority, Brownstown Borough, A Municipal Authority Upper Yoder Township, Municipal Auth." See Complaint, Caption. Although not entirely clear, the Leventrys apparently seek redress under 42 U.S.C. § 1983 for violations of their 4th, 5th, 6th, 8th and 14th Amendment rights "to excessive bail and due process rights of an accused in a criminal prosecution collusive arrests through false swearing and the tainting of evidence under a conspiracy." See Complaint, ¶1.

The Borough of Southmont ("Southmont"), incorrectly identified in the Complaint as the "Southmont Borough Police Dept.", has filed a Motion to Dismiss Pursuant to Rule 12(b)(6) Or, Alternatively, Motion for More Definite Statement Pursuant to Rule 12(e). See Docket No. 23. Southmont argues that the Complaint fails to set forth a claim for municipal liability under 42 U.S.C. § 1983 because the Leventrys do not allege the existence of a custom, practice or policy which caused the alleged constitutional deprivations.

After careful consideration, and for the reasons set forth below, the Motion is granted. Dismissal is, however, without prejudice to file an Amended Complaint within 10 days of the accompanying Order curing the deficiencies noted herein.

### **STANDARD OF REVIEW**

In deciding a Motion to Dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988), cert. denied, 489 U.S. 1065 (1988). I may dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957). In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer." Colburn, 838 F.2d at 666.

While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted

inferences, or sweeping legal conclusions cast in the form of factual allegations. See Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977). Moreover, the plaintiff must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. See Fed. R. Civ. P. 8(2)(a) and Conley, 355 U.S. at 45-46. Matters outside the pleadings should not be considered. This includes "any written or oral evidence in support of or opposition to the pleadings that provides some substantiation for and does not merely reiterate what is said in the pleadings." Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure, § 1366 (West 1990).

## ANALYSIS

I am cognizant of the fact that the Leventrys are proceeding *pro se* and that their pleadings should be liberally construed. While the precise parameters of their claims are challenging to understand, it is clear that they seek to hold Southmont responsible for the actions of the West Hills Regional Police Department and its individual officers.[1] Indeed, in responding to the Motion to Dismiss, the Leventrys state that "cognizable theories of supervisory liability apply to hold parent municipal corporations legally responsible for their [sic] actions of their officers and employees." See Docket No. 32, p. 1. Despite their *pro se* status, however, I am compelled to conclude that the allegations in the Complaint do not set forth a claim against Southmont under 42 U.S.C. § 1983 for constitutional violations.

---

[1] Apparently Southmont does not have its own police force. Instead, it has entered into an agreement with Westmont Borough, Brownstown Borough and Lower Yoder Township for the West Hills Regional Police Commission, which in turn has established the West Hills Regional Police Department. See Docket No. 23-1, p. 1.

4

"When a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom.  Thus, although the municipality may not be held liable for a constitutional tort under § 1983 on the theory of vicarious liability, it can be held responsible as an entity when the injury inflicted is permitted under its adopted policy or custom." <u>Beck v. City of Pittsburgh</u>, 89 F.3d 966, 971 (3d Cir. 1996), <u>citing</u>, <u>Monell v. New York City Dept. Of Social Services</u>, 436 U.S. 658, 694 (1978).  The Complaint does not contain any allegation relating to a custom, practice or policy adopted by Southmont.  Indeed, a review of the Complaint reveals that the only allegation directed to Southmont is that:

> The ... Borough... is actionable for their Superior employee policy of these police and is being sued for the actions of their police under their employ and the police's unconstitutional behavior from their activity of Saturday September 4, 2004 until Sunday September 5, 2004.

<u>See</u> Complaint, ¶ 8.[2]  This paragraph suggests that the Leventrys are suing Southmont precisely on the basis of *respondeat superior* liability - that Southmont should be responsible for the actions of the police officers.  According to <u>Beck</u>, <u>Monell</u> and a litany of other cases, the Leventrys are not entitled to pursue this theory of liability.

---

[2] To the extent that the Leventrys are identifying the "Superior employee policy" as the custom, practice or policy adopted by Southmont and pursuant to which their constitutional rights were deprived, their Amended Complaint should more clearly identify what that policy is and how it was causally connected to the deprivation of rights.

**ORDER OF COURT**

THEREFORE, this **30th** day of January, 2007, after careful consideration, and for the reasons set forth in the accompanying Opinion, it is Ordered that the Motion to Dismiss or, in the Alternative, Motion for More Definite Statement (Docket No. 23) is GRANTED.  The Complaint is dismissed for failure to allege a custom, practice or policy adopted by Southmont which caused the alleged deprivation of constitutional rights.  Such dismissal is, however, without prejudice and Plaintiffs may file an Amended Complaint curing such deficiencies within ten (10) days of the date of this Order.

Plaintiffs' Amend Complaint, if filed, is due on or before February 12, 2007 and Defendants' Response to Plaintiffs' Amended Complaint, if filed, is due on or before March 4, 2007.  No extensions will be granted absent leave of court.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge