IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES L. LEVENTRY and DEBORAH A. LEVENTRY, et al., <br><br> Plaintiff, <br><br> -vs- <br><br> MATT WATTS, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) <br> Civil Action No. 06-193 |

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

### SYNOPSIS

A husband and wife bring suit against a variety of Defendants for various constitutional transgressions under 42 U.S.C. § 1983 stemming from the arrest of the husband, the seizure of his car and the subsequent search and seizure of the bail money posted by the wife plaintiff. The police officers and police department Defendants seek the dismissal of all claims. The Motion is granted in part and denied in part.

### OPINION

On or about September 4, 2004, Plaintiff James L. Leventry ("Leventry") was driving through Southmont Borough when Defendant Officer Matt Watts ("Watts") of the Defendant West Hills Regional Police Department ("the Police Department") stopped him. Leventry was taken into custody and charged with possession of and

possession with intent to deliver marijuana; possession of and possession with intent to deliver OxyContin; and possession of and possession with intent to deliver methadone.  He was arraigned and bail was set at $100,000 or 10% cash.  When Plaintiff Deborah Leventry arrived the next evening with $10,000 cash, the bail money was confiscated.  The Leventrys were told that a search had been performed by a drug dog and that the dog had alerted to the presence of narcotics on the money.  As a result of the confiscation, James Leventry remained incarcerated for a period of time.

The Leventrys have filed, pro se, claims under 42 U.S.C. § 1983 for violations of their 1st, 4th, 5th, 6th, 8th and 14th Amendment rights.  They also reference the right to bail, the right to due process of law, and conspiracy.  These references are all made in the caption of the First Amended Complaint.[1]  In addition to naming Watts and the Police Department as Defendants, the Leventrys have named Defendant George Musulin, who is alleged to have participated in the events surrounding the arrest of James Leventry and the confiscation of the bail money; Defendant Chief Andrew Havas ("Havas"), the Chief of Police; various municipal authorities and both the assistant district attorney involved in James Leventry's criminal case and the district attorney as well.

Defendants Watts, Musulin, Havas and the Police Department have filed a dispositive Motion.  See Docket No. [64].  While titled a Motion for Summary

---

[1] . While the Leventrys also filed a Second Amended Complaint (see Docket No. [43]), that document does not contain any substantive allegations.  Consequently, I will refer to the First Amended Complaint when considering what claims the Leventrys have asserted.

Judgment, it is clear from the supporting brief that the Defendants ask this Court to convert a Rule 12(b)(6) Motion to Dismiss into one for Summary Judgment under Rule 56 in order to consider evidence submitted in conjunction with the Motion. I decline to do so. The Leventrys are acting *pro se.* The parties have not yet engaged in discovery. I think it unfair and premature to consider the merits of the Leventrys' claims based upon a consideration of only one sides' submission of evidence. Accordingly, I will consider the Defendants' arguments in light of a Rule 12(b)(6) standard.

## STANDARD OF REVIEW

In deciding a Motion to Dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988), cert. denied, 489 U.S. 1065 (1988). I may dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957). In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer." Colburn, 838 F.2d at 666.

While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977). Moreover, the plaintiff must

set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. See Fed. R. Civ. P. 8(2)(a) and Conley, 355 U.S. at 45-46. Matters outside the pleadings should not be considered. This includes "any written or oral evidence in support of or opposition to the pleadings that provides some substantiation for and does not merely reiterate what is said in the pleadings." Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure, § 1366 (West 1990).

ANALYSIS

I. First Amendment Claim

In paragraph 40 of the First Amended Complaint, the Leventrys contend that Watts violated, among other things, James Leventry's First Amendment rights by seizing his person, car and bail money. The First Amended Complaint contains no further elaboration regarding the substance of the First Amendment claim, and the Defendants argue that the failure in this regard mandates the dismissal of this claim. The First Amendment affords many protections, such as free speech, freedom of religion, the right to free assembly and the right to petition the Government for redress of grievances. I cannot discern from the allegations set forth in the First Amended Complaint which of these protections the Leventrys allege Watts violated. The allegations do not suggest that James Leventry was denied the right to speak; or that he was engaged in religious activity; or that he was attempting to peaceably assemble or petition the Government for redress of grievances. Accordingly, at this juncture, I agree with the Defendants that the Leventrys have not articulated, under

42 U.S.C. § 1983, a claim against Watts for a violation of James Leventry's First Amendment rights. That claim is, therefore, dismissed. The dismissal is without prejudice to file an amendment curing this deficiency, within the time frame set forth in the accompanying Order.

2. Fifth Amendment Claim

The Leventrys also reference the Fifth Amendment and contend that Watts, in particular, violated their Fifth Amendment rights. The Fifth Amendment provides, in part, that no person shall be "deprived of life, liberty, or property without due process of law."[2] However, as the Defendants urge, the Fifth Amendment restricts the actions of federal officials, not state actors. See Nguyen v. U.S. Cath. Conf., 719 F.2d 52, 54 (3d Cir. 1983) and Kopchinski v. Green, Civ. No. 5-6695, 2006 WL 2228864 at * 1 (E.D. Pa. Aug. 2, 2006). Here, the Defendants are state actors, not federal officials. Accordingly, I agree with the Defendants that the claim asserted against the Defendants under 42 U.S.C. § 1983 for a violation of the Fifth Amendment must be dismissed. Further, because permitting an amendment of the claim would be futile, such dismissal is with prejudice.[3]

3. Sixth Amendment Claim

---

[2] While the Fifth Amendment also protects the right against self-incrimination, the allegations in the First Amended Complaint do not suggest that the Leventrys are pursuing a claim.

[3] I do note that the due process rights accorded under the Fifth Amendment are implied under the Fourteenth Amendment. The Leventrys do reference the Fourteenth Amendment in the First Amended Complaint. Consequently, I do not mean to suggest, in ruling that they are precluded from seeking relief under Section 1983 for violations of due process rights accorded under the Fifth Amendment that they may not be able to pursue such rights under the Fourteenth Amendment.

In paragraph 40 of the First Amended Complaint, the Leventrys contend that Watts:

> directly and substantially violated JAMES LEVENTRYS 1st, 4th, 5th, 6th, 8th, 9th and 14th Amendment rights by seizing his person and the car he was driving as well as helping to seize the bail money required for his release so that LEVENTRY could better assist counsel in defending his case ... .

See Docket No. [42], ¶ 40 (emphasis added). Given the reference to the Sixth Amendment, I can only presume that the Leventrys intend to assert a Sixth Amendment claim under 42 U.S.C. § 1983. The Sixth Amendment protects, in part, the right of an accused to a speedy trial; the right to the assistance of counsel; the right to confront witnesses; and the right to be informed of the nature of charges. Yet I agree with the Defendants that the First Amended Complaint does not detail any sort of deprivation by these Defendants of the right to counsel, or of the right to a speedy trial, or of the right to confront witnesses, or of the right to be informed of the nature of charges against James Leventry. Because the First Amended Complaint does not set forth a viable claim under § 1983 for a violation of the Sixth Amendment, the Motion to Dismiss is granted. The dismissal is, however, without prejudice to file an amendment curing this deficiency, within the time frame set forth in the accompanying Order.

4. Eighth Amendment Claims

The Eighth Amendment protects against excessive bail, excessive fines and against cruel and unusual punishment. The Defendants contend that the cruel and

unusual punishment clause is inapplicable because it applies only after conviction and sentence. See Kopchinski v. Green, Civ. No. 5-6695, 2006 WL 2228864 (E.D. Pa. Aug. 2, 2006) * 1 (stating that the protections of the Eighth Amendment "'do not attach until after conviction and sentence.'"), quoting, Graham v. Connor, 490 U.S. 386, 392 (1989). I agree with the Defendants' contentions. Moreover, a review of the First Amended Complaint and the Leventrys' submissions to date do not suggest that they are pursuing a cruel and unusual punishment claim. Indeed, they make no reference to any type of punishment which occurred after a conviction and sentence. Nor does it appear that the Leventrys are seeking to invoke that portion of the Eighth Amendment which protects against excessive fines.

Instead, the Leventrys appear to be focusing upon the excessive bail clause. The Defendants argue that the excessive bail clause is inapplicable as to them because, in Pennsylvania, the District Justice, rather than police officers, sets the bail. See James v. York County Police Dept., 160 Fed. Appx. 126, 133 (3d Cir. 2005), citing, Pa. R. Crim. P. 12d. I agree with them. These Defendants did not have a hand in setting the bail. While they were certainly involved in the confiscation of the bail money, such actions do not give rise to an Eighth Amendment claim. Consequently, I agree with the Defendants that the First Amended Complaint fails to state a claim under 42 U.S.C. § 1983 against them for a violation of the Eighth Amendment. Accordingly, the Motion to Dismiss the claim asserted under § 1983 with respect to the Eighth Amendment is granted. Further, because permitting the amendment of the First Amended Complaint would be futile under the law, the dismissal of the

claim is with prejudice.

5. Fourth Amendment

The Leventrys contend that the Defendants "seized" James Leventry himself, his car and the bail in violation of § 1983 and the Fourth Amendment. The Defendants seek summary judgment with respect to these claims. I decline to consider the Defendants' arguments with respect to the "seizure" of James Leventry and his car, as those arguments rest upon the consideration of documents which are not attached to the First Amended Complaint, and, as stated above, the Leventrys are proceeding *pro se*, and they have not yet engaged in any discovery. Of course, the Defendants can challenge the viability of these claims at the conclusion of discovery.

Disposition of the claim relating to the search and seizure of bail money, however, is ripe because it does not rest on matters not contained in or attached to the First Amended Complaint. Dismissal of this claim is warranted. For the reasons set forth in the Opinion and Order disposing of Defendant Tulowitzki's Motion to Dismiss, there was no Fourth Amendment violation with respect to the search and seizure of the bail money. Deborah Leventry voluntarily relinquished the bail money and thus had no legitimate privacy interest in it. Additionally, the use of a drug sniffing dog does not constitute a search under these circumstances. Moreover, once the dog alerted to the presence of drugs on the money, the money was appropriately seized.

In the alternative, even if a Fourth Amendment violation did occur, the police

officers acted in a manner which was objectively reasonable given the situation which they encountered. They had arrested an individual known to be a long time drug user. He had been charged with possession of and possession with intent to distribute three different types of drugs. His wife was able to raise a substantial amount of money in a short period of time on a weekend day. The police were objectively reasonable in their belief that the money may have been the proceeds of drug related activity. Moreover, the officers were advised by an assistant district attorney that the use of a drug sniffing dog was appropriate. Accordingly, I find that it was objectively reasonable under these circumstances for the police to search and then confiscate the bail money. Because it would not have been clear to reasonable officers in Defendants Watts' and Musulin's position that their conduct was unlawful, given the situation which they encountered, I find that they are entitled to qualified immunity.

Consequently, the Fourth Amendment claim premised upon the search and seizure of the bail money which is asserted under § 1983 is dismissed. Further, because amendment would be futile, the dismissal is with prejudice.

6. Ninth Amendment Claim

The Leventrys also reference the Ninth Amendment. Yet, as the Defendants contend, the Ninth Amendment does not confer any substantive rights. See Soder v. Chenot, Civ. No. 6-1522, 2007 WL 1098970 at * 4 (M.D. Pa. April 11, 2007) (stating that "[t]he Ninth Amendment does not independently secure any substantive constitutional rights, but rather has been interpreted to be a rule of construction.

... A § 1983 civil rights claim premised on the Ninth Amendment fails because there are no constitutional rights secured by that amendment."). Consequently, the Motion to Dismiss this claim is granted. Additionally, because amendment would be futile, the dismissal is with prejudice.

7. <u>Claims Against Havas</u>

The Defendants urge that there are no viable claims against Havas because the First Amended Complaint does not contain any allegations suggesting his personal involvement.  I disagree.  Paragraph 28 of the First Amended Complaint suggests that Havas had some personal involvement.  Additionally, a "letter" from James Leventry  attached to the First Amended Complaint states that Havas filed the summary charges against him. <u>See</u> Docket No. [42], p. 8-9.  Consequently, dismissal of this claim at this juncture is premature.  The Motion is denied without prejudice.

8. Claims Against West Hills Police Department

Finally, the Defendants seek the dismissal of the claims against the Police Department on the grounds that there are no surviving underlying constitutional claims against the police officers.  As set forth above, however, certain of those claims have survived.  Consequently, the Police Department is not entitled to a dismissal of the claims asserted against it.

<u>* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *</u>

<u>ORDER OF COURT</u>

AND NOW, this **17th** day of May, 2007, after careful consideration, and for the

reasons set forth in the accompanying Opinion, it is Ordered the Defendants' Motion (Docket No. [64] is granted in part and denied in part as follows. The Leventrys' claims asserted under 42 U.S.C. § 1983 for violations of their rights under the Fourth Amendment with respect to the search and seizure of the bail money are dismissed with prejudice; those claims relating to the "seizure" of James Leventry and the car will go forward at this juncture. The Leventrys' claims asserted under 42 U.S.C. § 1983 for violations of their rights under the Fifth Amendment, the Eighth Amendment, and the Ninth Amendment, are dismissed with prejudice. The Leventrys' claims asserted under 42 U.S.C. § 1983 for violations of their rights under the First Amendment and the Sixth Amendment are dismissed, without prejudice to file a Third Amended Complaint, curing the deficiencies noted in the accompanying Opinion with respect to these claims. Any such Third Amended Complaint must be filed no later than May 31, 2007. Given the substantial delays already associated with this case, no extensions will be permitted. The Motion is denied with respect to its arguments regarding Defendants Havas and the West Hills Regional Police Department.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge