IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES L. LEVENTRY and DEBORAH A. LEVENTRY, et al., | ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | Civil Action No.  06-193 |
| | ) |
| MATT WATTS, et al., | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

OPINION and ORDER OF COURT

Because I have authored a previous Opinion and Order of Court detailing the factual and legal background of this case, see Docket No. [36], I will limit my discussion here to the salient facts.  Plaintiff James L. Leventry and Deborah A. Leventry ("the Leventrys") have named as one of numerous Defendants the Borough of Southmont.[1]  In the First Amended Complaint, the Leventrys purport to assert claims under 42 U.S.C. § 1983 for a violation of rights under the 1st, 4th, 5th, 6th,  8th, and 14th Amendments to the United States Constitution as well as the "Right to Bail and Due Process of Law" and possibly a claim of conspiracy. See Docket No. [42].[2]

---

[1] The Leventrys incorrectly identified Southmont Borough as the "Southmont Borough Police Department" in both the Caption and the Complaint.

[2] The Leventrys filed a "Second Amended Complaint" at Docket No. [43].  The Second Amended Complaint does not, however, contain any substantive allegations.  Instead, it appears that the Leventrys merely filed a copy of a decision by another court as a means of bringing it to my attention.  Accordingly, when referring to the substantive allegations which the Leventrys have made against the Defendants, I will refer to the First Amended Complaint filed at Docket No. [42].

Southmont Borough has filed a Motion to Dismiss or For More Definite Statement. <u>See</u> Docket No. [50].  Because Southmont Borough has attached a document to the Motion, it asks this Court to convert the Motion into one for summary judgment. <u>See</u> Docket No. [59], p. 3 n. 1.  I will treat the Motion as one for summary judgment.  I am confident that the Leventrys have had notice that the Motion could be treated as one for summary judgment. Indeed, their Brief in Opposition is replete with references to the standard accorded a summary judgment motion.  Additionally, the Leventrys themselves have submitted exhibits for this Court's consideration.   Consequently, I find the Motion ripe for consideration.

Standard of Review

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  A fact is material when it might affect the outcome of the suit under the governing law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). Rule 56 mandates the entry of judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, the Court must examine the

facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990).  The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. Anderson, 477 U.S. at 248.  Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex, 477 U.S. at 322.  Once the moving party satisfies its burden, the burden shifts to the non-moving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

ANALYSIS

In the First Amended Complaint, the Leventrys simply identify Southmont Borough as a political subdivision which, together with neighboring local governments, has formed the West Hills Regional Police Department. See Docket No. [42], ¶ 8.  The only other allegation mentioning Southmont Borough consists of the following:

> 45. Defendant WEST HILLS REGIONAL POLICE DEPARTMENT also also [sic] referred to as the WEST HILLS REGIONAL POLICE COMMISSION is a multigovernmental body comprised from resources of Defendant SOUTHMONT BOROUGH, Defendant BROWNSTOWN BOROUGH, as well as WESTMONT BOROUGH and LOWER YODER TOWNSHIP by attempting to insulate its parent governments from liability for police misconduct while avoiding measures to

3

> properly train, supervise, and discipline policemen like
> WATTS, MUSLIN, and HAVAS, Defendant WEST HILLS
> REGIONAL POLICE COMMISSION has systematically violated
> the rights of JAMES LEVENTRY and DEBORAH LEVENTRY.

See First Amended Complaint, ¶ 45. This allegation appears to assert a claim against West Hills Regional Police Commission, rather than Southmont Borough. Nevertheless, given the liberal pleading standards which govern here, I will presume that the Leventrys seek to hold Southmont Borough (as well as others) liable for the shortcomings of the West Hills Regional Police Commission.

Southmont Borough notes that the initial claim asserted against it was dismissed under Monell v. New York Dept. Of Soc. Serv., 436 U.S. 658 (1978) because the Leventrys had failed to allege that its policy, custom or practice had caused the alleged deprivation of rights at issue. I granted the Leventrys leave to file an Amended Complaint if such Amended Complaint cured such deficiencies. In the pending Motion, Southmont Borough contends that the First Amended Complaint has, in fact, failed to cure the deficiencies referenced in my prior Opinion and Order. Southmont Borough insists that it cannot have established any policy, custom or practice with respect to the West Hills Police Department because it has no control over the same.

I have reviewed the Agreement for West Hills Regional Police Commission ("the Agreement"). See Ex. A attached to Motion. The Agreement indicates that:

> Section 1. The Commission shall provide supervision and
> direction over all of the police activities of the district,
> providing police services as required in the participating
> municipalities which shall include investigation of all

> crimes and complaints within the said municipalities, by
> the Criminal Investigator or by any other officer, and to
> provide assistance in the enforcement of ordinances in
> the municipalities, and all other services normally
> provided by a municipal police agency.

See Article VI - Jurisdiction, Power and Duties (emphasis added). I agree with Southmont Borough that this Agreement demonstrates that Southmont Borough has no authority or responsibility over the West Hills Regional Police Commission or over its officers.  As such, Southmont Borough could not have been responsible for a failure to properly train, supervise or discipline such officers.

The Leventrys counter that Southmont Borough should not be able to "abdicate nondelegable responsibilities" onto the Commission. Yet the Leventrys did not provide any authority suggesting that the creation of a regional police department which is given complete authority over the direction and supervision of its police force is contrary to the law.  Nor did independent research reveal any such authority.  To the contrary:

> [t]he States have extremely wide latitude in determining
> the form that local government takes, and local
> preferences have led to a profusion of distinct forms.
> Among the many kinds of municipal corporations, political
> subdivisions, and special districts of all sorts, one may
> expect to find a rich variety of ways in which the power of
> government is distributed among a host of different
> officials and official bodies. ... Without attempting to
> canvas the numberless factual scenarios that may come to
> light in litigation, we can always be confident that state
> law (which may include valid local ordinances and
> regulations) will always direct a court to some official or
> body that has the responsibility for making law or setting
> policy in any given area of a local government's business.

City of St. Louis v. Praprotnik, 485 U.S. 112, 108 S. Ct. 915, 925 (1988).  As the Praprotnik court predicted, here, the local governments have directed this Court to an official body responsible for setting the custom, practice and / or policy with respect to the West Hills Regional Police Commission - the Commission itself.  The Agreement clearly gives the Commission sole authority over all police matters.  Only the Commission can set a custom, practice or policy with respect to training, supervising or disciplining police officers.

Nor do I find persuasive the Leventrys' argument that the requirement that the Commission "maintain adequate liability insurance coverage against claims arising out of the police activities of the Commission rendered within and outside its district" and the requirement that the Commission indemnify its members somehow exposes Southmont Borough to liability for failure to properly train, supervise or discipline the Commission's officers. That the Commission is required to maintain adequate insurance coverage actually cuts against the Leventrys' contention that the Commission is a "shell entity."  Indeed, the Agreement allocates a portion of the cost for the Commission to Southmont Borough.  See Agreement, ¶ 1-3.  As such, Southmont Borough can hardly be said to be trying to absolve itself from liability.  Rather, Southmont pays a portion of the annual budget for the Commission and a portion of that budget is used to secure liability insurance coverage.

Simply stated, there are no genuine issues of material fact concerning whether Southmont Borough has any authority or responsibility over the training,

supervising or disciplining of officers employed by the West Hills Regional Police Commission.  The documents of record clearly establish that the Commission is an independent entity with the exclusive authority over all police matters. Consequently, I agree with Southmont Borough that it cannot be held liable under 42 U.S.C. § 1983 based upon a failure to properly supervise, train or discipline such officers.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ORDER OF COURT

AND NOW, this **17th**  day of May, 2007, after careful consideration, and for the reasons set forth in the accompanying Opinion, it is Ordered that the Motion to Dismiss, which is being treated as one for Summary Judgment (See Docket No. [51]), is GRANTED.  Judgment is  entered in favor of Southmont Borough on all claims asserted against it by the Leventrys.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge